Overton, J.
 

 delivered the following opinion of the Court: —
 

 A motion has been made to quash this appeal, because, where several persons are joined in an action, one alone cannot bring a writ of error. It is alleged that the act of Assembly requires the copy of the bond affording security on the appeal from the County Court, should make a part of the record sent up; and that after the appeal, and when it came to the Circuit Court, it was then a suit between Christopher Stump and two securities, on the one part, and Sheppard on the other; consequently the appeal to this Court ought to be in the name of Stump and his securities, as plaintiffs, and Sheppard defendant.
 

 The Court consider the objections made to these proceedings as merely formal. The securities are before us, as well as the principal. On an examination of the precedents, we find this appeal is docketed and prosecuted in the manner usually observed. It is true, it appears from the record that Stump, the party to the original suit, prayed for the appeal; and that his securities are not mentioned. It might have been more regular, if the clerk, after the appeal, had carried on the proceedings in the name of principal and securities; but the precedents are agreeable to this record. Usage and practice have sanctioned the idea in appeals, that the principal acts as the agent of his securities, in the steps which are necessary to be taken. The Court, therefore, presume that when the principal obtained an appeal, it was for his securities as well as himself. The most regular way would
 
 *145
 
 have been for the suit to have appeared here in the name of the principal and securities ; but is sufficient as it stands. The securities appear from the record, and we can render judgment against them, should it become necessary.
 

 Hayes
 
 and
 
 Goohe,
 
 for the appellant.
 

 Dickinson,
 
 for the appellee.
 

 Upon the merits, we are of opinion that the Circuit Court erred. It appears that a suit had been instituted by Stump against Sheppard, by warrant before a- single magistrate, for the same cause of action ; and that it had been determined upon the merits before the commencement of the suit in the County Court, against Stump. Evidence of this being offered and objected to, the Circuit Court decided that the institution of the suit before the justice, and the proceedings thereon, was conclusive evidence on the part of Sheppard, that the County Court had not jurisdiction; that Stump was estopped from averring the contrary, and that the commencement of the suit in the County Court, under such circumstances, was evidence of malice.
 

 . It might have been proper to receive this evidence, but it was not conclusive.
 

 Suppose the justice had'not jurisdiction, and it appears at least probable that he had not, it cannot be, therefore, contended that the County Court had not jurisdiction. Consent itself cannot confer jurisdiction if the law does not.. And the strongest inference that can be drawn from the proceedings before the justice can amount to no more than consent, if that.
 

 The judgment must therefore be reversed, and the cause remanded to the Circuit Court for a new trial to be had therein; upon which, if this testimony should be again offered, it may be submitted to the jury, to have such weight with them as, under all circumstances, it deserves; but it shall not be conclusive.